## SCHUYLKILL COUNTY.

JULY TERM, 1883, No. 103.                    APRIL 23, 1883.

## Refowich *v.* Rice.

1. Where an award of arbitrators in an action for slander in favor of the plaintiff is under forty shillings, and does not show on its face an intention to give full costs, full costs will not be allowed.

2. An award in slander "in favor of the plaintiff for six cents' damages and costs," does not carry full costs.

3. A mistake or ambiguity in the award of arbitrators can only be corrected by the arbitrators themselves.

4. Depositions showing the intent of the arbitrators are no part of the record.

5. In an action for slander, arbitrators awarded to the plaintiff "six cents' damages and costs." A rule was subsequently granted on the plaintiff to show cause why judgment on the award should not be entered "for no more costs than damages." Depositions of the arbitrators showed that they intended to award full damages to the plaintiff. The Court discharged the rule. *Held*, to be error, and that the discharge of the rule was not the equivalent of amending the award.

6. Stuart *v.* Harkins, 3 Binney, 321, followed.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Schuylkill County.*

Case for slander by Charles T. Rice against Levi Refowich to recover damages for injuries sustained by reason of slanderous words uttered by Refowich in reference to Rice's business.

The plaintiff filed a declaration charging slanderous language, and the case was referred to three arbitrators before plea. The arbitrators found in favor of the plaintiff "in the sum of six cents' damages and costs." On March 12, 1883, the Court granted a rule "on the plaintiff to show cause why judgment on the award in the above case should not be entered for no more costs than damages." On the same day, a rule was granted to take testimony as to the intent of the arbitrators with reference to costs in their award. The testimony of the three arbitrators, taken under the rule, was that they "intended the award to carry all costs in the suit, as against defendant."

On April 23, 1883, the Court, GREEN, A. L. J., discharged the rule on the plaintiff to show cause why the

[Refowich *v*. Rice.]

costs should not be limited to the amount of the damages, filing the following opinion:

"The award in this case is exactly the same as in Stuart *v*. Harkins, 3 Binn., 321. There it was decided that an award of one dollar damages and costs gave the plaintiff no more costs than damages, under the act of 27th March, 1713, section 4. If this were all that appears in the present case, we should be compelled to make the rule absolute. But the evidence taken shows that the arbitrators intended to give full costs. Where such intention legally appears, full costs are allowed. Although the jury have full power to give full costs when the damages in slander are under forty shillings, yet an intention to do so ought clearly to appear; and, therefore, a bare finding of costs, without saying more, being equivocal, must be intended to mean such costs as the act operating on the subject-matter will allow: Gower *v*. Clayton, 6 S. & R., 85. This intention to give full costs is shown by the testimony of all the arbitrators. That the finding of the arbitrators may be corrected when there has been a clerical error, or amended in the case of an equivocal award, is, I think, clear from all the authorities. In the case of Reiland *v*. Krapp, 2 Leg. Rec., 389, where the award was one dollar, this court allowed it to be recommitted for the purpose of adding 'and all costs of suit,' on the ground that the arbitrators had, inadvertently, omitted it. If a correction could be made in that case, it must follow that it can be made in the present case, [where the arbitrators evidently supposed they were giving an award that would carry all the costs, and so intended. It is not necessary to cite authorities as to the power of a court to recommit an award for correction of informalities or for a clerical mistake. It is not necessary to recommit, in the present instance, because we accomplish the same purpose by discharging the rule. Rule discharged.]"

The defendant thereupon took this writ, assigning for error the action of the court in discharging the rule, and the portion of the opinion in brackets.

*John W. Ryon* for plaintiff in error.

This case is ruled by Stuart *v*. Harkins, 3 Binney, 321. The plaintiff was not entitled to a judgment for full costs on the award: Turner *v*. Horton, Barnes, 132; Hinds *v*. Knox, 4 S. & R., 417; Moon *v*. Long, 12 Pa. St. Rep., 207.

The proper course in this case was an appeal from the

[Refowich v. Rice.]

award. This was not taken: Walls v. Wilson, 4 Casey, 514; Bowers v. Worrell, 1 Browne, 212.

*L. D. Haughawont* for defendant in error.

The court may recommit an award: Thompson v. Warder, 4 Yeates, 336; Heslop v. Bush, 30 P. F. S., 70.

The same substantial result was obtained by the rule to take testimony.

May 5, 1884, the opinion of the Court was filed by PAXSON, J.:

The act of 27th March, 1713, 1 Smith's L., 76, provides that in actions on the case for slanderous words, if the jury shall find the damages under forty shillings, the plaintiff shall recover no more costs than damages. It has been held, however, that juries and arbitrators are not bound by this act, but may give full costs though the damages found be under forty shillings. Our statute pursues the words of the English statutes of 21 Jac. 1, C., 16, under which it was held that the jury may disregard the statute, and give full costs without regard to the amount of damages. The English rule was followed in Stuart v. Harkins, 3 Binney, 321, and has been uniformly recognized as the law by this court since. In that case, however, it was held that an award of one dollar damages and costs would not carry full costs. In the analogous case of Hinds v. Knox, 4 S. & R., 417 the jury found six cents' damages, and all costs of suit, held to carry full costs. So in Moon v. Long, 2 Jones, 207, which was an action of slander, the jury gave one dollar damages, "and that defendant pay the costs," and it was held that the words "the costs" carried full costs. These cases were decided upon the ground that the award upon its face sufficiently indicated that the arbitrators intended to give full costs. In the case in hand, the award was in favor of the plaintiff for six cents' damages and costs. Under the authorities, this award would not carry full costs. This was conceded by the learned judge below, but upon a rule upon the plaintiff entered some time after the award, to show cause why judgment should not be entered for no more costs than damages, he discharged the rule, and gave the plaintiff full costs. It is to this ruling that error has been assigned in this court. The learned judge reached this conclusion by matters dehors the record. The depositions of the arbitrators were taken, showing that they intended to give full costs. These depositions are no part of the record. Had the award been re-

[Walker's Appeal.]

committed to the arbitrators, and amended so as to give full costs, there would have been no difficulty. But there was no action by the arbitrators as such. Their award could only be amended by themselves, acting in their official character as arbitrators, upon a recommittal of it to them by the court. The discharge of the rule was not, as the learned judge supposed, the equivalent of amending the award. While his conclusion may have been entirely correct if it had been reached in an orderly way, the vice of it consists in the fact that his mode of proceeding leaves nothing upon the record to sustain him.

The judgment is reversed, and it is ordered that judgment for costs be entered for six cents only.